IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA SUAREZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CARLOS DEL TORO,<br><br>　　　　Defendant. | Case No. 21-cv-05170-CRB<br><br>**ORDER TRANSFERRING CASE TO THE SOUTHERN DISTRICT OF CALIFORNIA AND DENYING THE MOTION TO DISMISS AS MOOT** |

From 2016 to 2018, Plaintiff Maria Suarez worked in the Equal Employment Office (EEO) of the Bureau of Medicine and Surgery (BUMED) of the Department of the Navy in San Diego, California. Suarez alleges that from March 2017 to April 2018, she was subjected to a hostile work environment, discrimination, and retaliation on account of her race, national origin, sex, age, and disability. After her employment ended, she moved to Antioch, California.

Suarez filed suit in the Northern District of California against the Acting Secretary of the Navy in his official capacity,[1] alleging violations of Title VII of the Civil Rights Act, the Rehabilitation Act, and the Age Discrimination in Employment Act. Before the Court are two motions by Del Toro: a motion under 28 U.S.C. § 1404 to transfer venue to the Southern District of California and a motion to dismiss for failure to state a claim. Because all events at issue in this lawsuit occurred in San Diego, and because most witnesses and sources of proof are there, the Court TRANSFERS this case to the Southern District. The Court DENIES the motion to dismiss as moot.

---

[1] On August 9, 2021, Carlos Del Toro took office as Secretary of the Navy, so he is now substituted as the defendant in this action. See Fed. R. Civ. Proc. 25(d).

## I. BACKGROUND

Suarez alleges that she was subject to a hostile work environment, discrimination, and disparate treatment on account of her race, national origin, sex, age, and disability while employed as an Equal Employment Opportunity Specialist for BUMED in San Diego, California. See SAC (dkt. 12) ¶¶ 4, 12.  She alleges that Hamilton McWhorter, a senior officer, sent her "demeaning and intimidating emails," "talked to [her] in a condescending manner, ridiculed [her] and insulted [her]." Id. ¶ 13.  She alleges that Mario Villalba, her coworker, swore around her, pointed his middle finger, and asked her on multiple occasions when she was going to retire. Id. ¶¶ 29, 32. She alleges that Therese Guy, her supervisor at the time, did not respond to her messages that she was feeling overwhelmed, anxious, and depressed by asking her if she wanted a reasonable accommodation and that Guy denied her the opportunity to attend a training. Id. ¶¶ 33, 38, 41. Finally, Suarez alleges that James Cummins, her supervisor, denied her a reasonable accommodation of working from home two days a week to address her vertigo and that he made misrepresentations and false statements when he issued her a Memorandum for Unsatisfactory Attendance. Id. ¶¶ 42, 45.  During this time, Suarez was under the care of at least three medical or mental health providers: Dr. Jessica Adeleke, Dr. Nicodemus Garcia, and Sybil Perez, LCSW. See id. ¶¶ 32, 15.

The EEO of BUMED is based in Falls Church, Virginia, and it has an office in San Diego. Simpson Decl. (dkt. 18-1) ¶ 5.  The lawyers at the Department of the Navy's Office of General Counsel frequently work closely with the civil division of the U.S. Attorney's Office for the Southern District on matters relating to BUMED.  Id. ¶ 4.  Of the coworkers and superiors that Suarez mentions in her complaint, most are now located outside of California.  Id. ¶ 6.  Villalba still lives and is based in San Diego.  Id.  Of the three health providers mentioned in Suarez's complaint, Dr. Adeleke and Dr. Garcia still have addresses of record located in the Southern District of California.  See Zack Decl. (dkt. 18-2) ¶¶ 3-4 & Ex. A-B (dkts 18-3, 18-4).  Perez (now Hubbard) has an address of record in the Central District of California.  Ex. C (dkt. 18-5).

## II. LEGAL STANDARD

A district court may transfer the venue of an action "[f]or the convenience of parties and

witnesses [and] in the interest of justice" to another "district or division where it might have been brought." 28 U.S.C. § 1404(a).  Courts have discretion to adjudicate motions for transfer according to an "individualized, case-by-case consideration of convenience and fairness."  See Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000) (internal quotations and citations omitted).  A motion to transfer should not merely shift the inconvenience from the moving party to the opposing party.  See Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).  When considering a motion to transfer venue, a court considers:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

Jones, 211 F.3d at 498–99.

### III.    DISCUSSION

The parties agree that venue is proper in the Southern District of California because the events underlying these claims occurred in that district.  See 42 U.S.C. § 2000e-5(f)(3) (venue for Title VII and Rehabilitation Act); 28 U.S.C. § 1391(e)(1) (venue for ADEA).  The question is whether transfer to the Southern District best serves the convenience of the parties and the interests of justice.  Applying the Jones factors, the Court concludes that it does.

#### A.    Choice of Forum

The two factors somewhat favoring venue in this district are Suarez's choice of forum and the relative costs of litigation in the two forums.  See Jones, 211 F.3d at 498–99.  The court generally gives "great weight" to a plaintiff's choice.  See Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987).  But "[i]f the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [the plaintiff's] choice is entitled to only minimal consideration."  Id. (citing Pacific Car & Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968)).  This factor only somewhat favors venue here: because the Northern District's residents

only encounter BUMED EEO in the unusual case that a former employee retires here, the Northern District's interest in this litigation is comparatively modest.

The Jones factor concerning relative costs of litigation also slightly favors venue in the Northern District, as Suarez's costs would be lower here. 211 F.3d at 498–99. (Although the government's costs would be somewhat higher here, it has deeper pockets than Suarez.) However, this factor has relatively little weight: as Suarez can appear in the Southern District via video conference, she can also litigate there at relatively modest expense.

### B.  Location of the Events

The three Jones factors concerning the location of the events in this lawsuit favor transfer to the Southern District. See 211 F.3d at 498–99 (noting that courts consider "(1) the location where the relevant agreements were negotiated and executed . . . (4) the respective parties' contacts with the forum, [and] (5) the contacts relating to the plaintiff's cause of action in the chosen forum"). At all times relevant to this lawsuit, Suarez resided in the Southern District. The BUMED EEO, the agency responsible for the alleged acts, has an office in the Southern District but none in the Northern District. The complained-of acts in this case occurred entirely in that district. No events or employment decisions occurred in this district. These factors weigh strongly in favor of transfer.

### C.  Sources of Proof

Further, the two Jones factors relating the access to sources of proof also support transfer. See 211 F.3d at 498–99 (noting that courts consider "(7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof"). Although some of Suarez's former managers and coworkers have moved away from the Southern District, some still reside there. See Simpson Decl. ¶ 6(j) (noting that Villalba lives in San Diego). None are in the Northern District. Further, Suarez's complaint references three providers whose testimony is likely to be relevant in determining whether she has a disability under the Rehabilitation Act: Dr. Adeleke, Dr. Garcia, and Perez. SAC ¶¶ 15, 32. Two still reside in the Southern District. See Zack Decl. ¶¶ 3-4 & Ex. A-B. Because they reside more than 100 miles away from the Northern District, these witnesses would not be amenable to compulsory

process under Rule 45 for trial or deposition here.  See Fed. R. Civ. Proc. 45(c)(1).  However, they are amendable to compulsory process in the Southern District.  Transfer also minimizes the burden on their voluntary appearance.

The final Jones factor—familiarity with the governing law—is neutral.

### IV. CONCLUSION

Because the events giving rise to this suit and key sources of proof are in the Southern District of California, the Court TRANSFERS this case to that district.  See 28 U.S.C. § 1404.  The motion to dismiss is DENIED as moot.

**IT IS SO ORDERED.**

Dated: January 4, 2022



CHARLES R. BREYER
United States District Judge